AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Black iPhone XR, Serial Number F4GXH6Q7KXKN, IMEI 357337090637641, Located at HSI's Syracuse Office at 412 South Warren Street, Syracuse, NY 13202, More Fully Described in Attachment A

) ) ) ) ) )

Case No.  5:21-MJ - 71 (ML)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Black iPhone XR, Serial Number F4GXH6Q7KXKN, IMEI 357337090637641, Located at HSI's Syracuse Office at 412 South Warren Street, Syracuse, NY 13202, More Fully Described in Attachment A

located in the ___Northern___ District of ___New York___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 846 | Conspiracy to distribute and possess with intent to distribute a controlled substance |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Applicant's signature*

Andrew McCoy, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  01/29/2021

*Judge's signature*

City and state:  Binghamton, New York                Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION BY THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT FOR THE FOLLOWING:<br><br>A Black iPhone XR, Serial Number F4GXH6Q7KXKN, IMEI 357337090637641<br><br>CURRENTLY LOCATED AT THE SYRACUSE RESIDENT OFFICE OF THE DEPARTMENT OF HOMELAND SECURITY, HOMELAND SECURITY INVESTIGATIONS | Case No. 5:21-MJ-71 (ML) |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Andrew McCoy, having been duly sworn, do hereby state and depose as follows:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently assigned to Syracuse, New York. I have been in my current position since December 2008. As an HSI Special Agent, I am assigned to various types of investigations. Prior to becoming a Special Agent with HSI, I was employed, for approximately four years as a member of the United States Secret Service Uniform Division. During my 11 years of working investigations, I have dealt with violations of state and federal criminal statutes, including violations of Title 21 United States Code, Section 801, et seq. (controlled substances act), Title 18, United States Code, Section 545 (smuggling of goods into the United States), Title 18, United States Code, Sections 1341 and 1343 (mail fraud and wire fraud) and Title 18, United States Code, Section 1956 and 1957 (money laundering). I have drafted and served a number of search

warrants and arrest warrants authorized by local, state, and federal judges. As a federal agent, I am authorized to execute warrants issued under the authority of the United States.

2. I have participated in the execution of several search and seizure warrants, including the searches residences, business offices, and vehicles. I make this affidavit in support of an application authorizing the search of the item described in **Attachment A**, that is, a black iPhone XR, serial number F4GXH6Q7KXKN, IMEI 357337090637641, evidence of criminal conduct as more particularly described in **Attachment B**, attached and incorporated herein.

3. Because this affidavit is being submitted for the limited purpose of securing the requested search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and to possess with the intent to distribute controlled substances and/or controlled substance analogues) are presently located in the subject device to be searched.

4. The information and statements in this affidavit are based on my personal knowledge and information obtained from other law enforcement and regulatory agencies assisting with this investigation including but not limited to the Oswego County Drug Task Force, Fulton Police Department, Oswego Police Department, and the Oswego County Sheriff's Department as well as information obtained from witness interviews, surveillance and from the review of records and documents. Where the contents of documents and the actions and statements of others are reported herein, they are reported only in substance and in part,

unless otherwise indicated. I have personally participated in this investigation and am familiar with the facts and circumstances of this investigation.

5. Through my training, education, experience and speaking with other law enforcement officers participating in this investigation, I am familiar with how narcotics are sold and how those involved in the illegal sale of narcotics and smuggling of said narcotics operate. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

## PROBABLE CAUSE

6. Your affiant, acting in the capacity as a Special Agent for HSI, has been involved in an investigation into the drug trafficking activities of **Tyler HULL** and **Brittany TAYLOR** for violations of Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute controlled substances and/or controlled substance analogues). Based on the information described below, your affiant believes that **HULL** and **TAYLOR** were distributing 1-(1,3-Benzodioxol-5-yl)-2-(ethyl amino)butan-1-one (eutylone)[1] and/or other controlled substances or controlled substance analogues (intended for human consumption), all known on the street as "Molly" or "Olly"[2] throughout the Central New York area.

7. Since October of 2020, HSI Syracuse and the Oswego County Drug Task Force (the

---

[1] Eutylone is a Schedule I controlled substance as a positional isomer of pentylone, which was added to the list of Schedule I controlled substances on March 7, 2014.

[2] Your affiant is aware, based on his training and experience, that "Molly" (or "Olly") is a street term for MDMA or other synthetic cathinones and hallucinogenic substances (including controlled substances and controlled substance analogues).

3

OCDTF) have been investigating a drug trafficking organization (DTO) being led by **Tyler HULL**. This DTO operates in the Oswego and Onondaga County areas. Multiple interviews, unrelated arrests, and source debriefs have led to information being relayed to your affiant and other agents that the **HULL** DTO is distributing "Molly" throughout Oswego and Onondaga County. Surveillance conducted as part of this investigation established that **HULL** was residing in hotels throughout Central New York and using these hotels as a location from which he distributed "Molly" to customers.

8. On November 17, 2020, law enforcement agents established a surveillance detail in the area of the Wingate Hotel, in Liverpool, New York. At approximately 5:00 p.m., a 2014 white Subaru Forrester, New York registration HSE9360 ("the White Subaru"), left the parking lot of the Wingate Hotel and travelled Northbound on Route 481 towards Oswego County. Surveillance units followed the vehicle and identified the driver as **TAYLOR**, who is also the registered owner of the vehicle, and the front seat passenger as **HULL**. At approximately 5:23 p.m., deputies from the Oswego County Sheriff's Department noticed the vehicle had a license plate holder partially obscuring the rear license plate of the vehicle, a traffic infraction under New York motor vehicle law, resulting in a traffic stop.

9. During subsequent roadside interviews, both **HULL** and **TAYLOR** admitted to possessing and using "Molly." After a subsequent consent search of the vehicle and a cursory search of both **HULL** and **TAYLOR**, a large quantity of what **HULL** and **TAYLOR** identified as "Molly" was seized from two backpacks located in the rear passenger seat of the vehicle and subsequently turned over to HSI. A traffic ticket for the traffic violation was issued as a result of the stop. **HULL** and **TAYLOR** were not arrested, and the substance recovered

was sent for laboratory analysis.

10. Subsequent laboratory testing confirmed that the substances seized from **HULL** and **TAYLOR** on November 17, 2020, were eutylone, a Schedule I controlled substance, with a net weight of approximately 248 grams. Your affiant is aware from his training and experience that personal use amounts of synthetic cathinones (such as eutylone) are typically one gram or less; thus, your affiant believes that **HULL** and **TAYLOR** possessed (and intended to distribute) over 248 doses of eutylone.

11. On December 22, 2020, surveillance was again established in the vicinity of the Wingate Hotel in Liverpool, New York. At approximately 9:05 p.m., the White Subaru left the parking lot and was followed by surveillance. Surveillance was able to determine the driver of the vehicle as **TAYLOR** and the front seat passenger as **HULL**.

12. At approximately 9:25 p.m., Oswego County Sheriff's Department deputies conducted a traffic stop of the vehicle after it was observed committing a traffic infraction.

13. During the stop, **TAYLOR** was found in possession of approximately five ounces [140 grams] of what she identified as "Molly" that **TAYLOR** had hidden in her bra. An additional nine ounces [252 grams] of what **HULL** identified to law enforcement as "Molly" was found in a backpack located behind the driver's seat. After being read her *Miranda* rights, which she waived and agreed to speak with deputies, **TAYLOR** explained that she had given **HULL** $1,000.00 to purchase the "Molly" found in her possession and that she and **HULL** typically pooled their money to buy as much "Molly" as they could. Again, **HULL** and **TAYLOR** were not arrested, pending laboratory analysis of the recovered substances.

14. The "Molly" seized by deputies was subsequently turned over to HSI for analysis. Lab results of the substances seized show the substances were eutylone, a Schedule I controlled substance, with an aggregate net weight of approximately 387 grams.

15. On January 13, 2021, law enforcement observed **HULL** using a cellular telephone while riding as a passenger in a vehicle. Law enforcement later approached him in the parking lot of a gas station in Fulton, New York, and **HULL** was holding a black iPhone XR, serial number F4GXH6Q7KXKN, IMEI 357337090637641 (the **"SUBJECT DEVICE"**). When asked if he would agree to voluntarily speak with law enforcement, **HULL** agreed. **HULL** also voluntarily provided law enforcement with the **SUBJECT DEVICE** upon request.

16. During a subsequent recorded post-*Miranda* interview with law enforcement at the Fulton Police Department, **HULL** stated to your affiant that the **SUBJECT DEVICE**, found in his possession, belonged to him and gave your affiant the phone number associated with the **SUBJECT DEVICE**. **HULL** also told your affiant that he had used the **SUBJECT DEVICE** to coordinate drug transactions with customers.

17. As part of this interview, **HULL** also stated that he uses the **SUBJECT DEVICE** to contact multiple sources of supply, whose information he had stored in his phone's contacts.

18. **HULL** also stated that he uses text messages, voice calls, and Facebook to contact his sources of supply as well as his customers.

19. **HULL** granted verbal consent to investigators to search the **SUBJECT DEVICE** and also signed a DHS "consent to search" form in the presence of two investigators (attached hereto as **Exhibit 1**). **HULL** provided your affiant with the screen password to the **SUBJECT DEVICE**. **HULL** was detained shortly thereafter and charged by criminal complaint with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in

violation to Title 21, United States Code, Sections 841(a)(1) and 846 (Case No. 5:21-mj-00023 (ML)).

20. Based on **HULL's** verbal and written consent to search the **SUBJECT DEVICE**, your affiant likely has sufficient authority to search the **SUBJECT DEVICE**, but, out of an abundance of caution, your affiant is seeking the applied-for search warrant authorizing the search of the **SUBJECT DEVICE**.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **SUBJECT DEVICE** as used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **SUBJECT DEVICE** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

24. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the

physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25. Based on the foregoing, I respectfully submit that there is probable cause to believe that **HULL** and **TAYLOR** and others known and unknown, are engaged in violations of Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with intent to distribute a controlled substance), and that there is probable cause to believe that evidence of such criminal activities are presently located within the **SUBJECT DEVICE**. Accordingly, I request that a search warrant be issued authorizing the search of the **SUBJECT DEVICE**, as more particularly described in **Attachment A**, for the seizure of the items described in **Attachment B**.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Andrew McCoy
Special Agent, HSI

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on January 29, 2021, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Miroslav Lovric
United States Magistrate Judge

## ATTACHMENT A
## DESCRIPTION OF THE SUBJECT ELECTRONIC DEVICE TO BE SEARCHED

The property to be searched is a black iPhone XR, serial number F4GXH6Q7KXKN, IMEI 357337090637641, hereinafter the "**SUBJECT DEVICE**". The **SUBJECT DEVICE** is currently located at HSI's Syracuse Office at 412 South Warren Street, Syracuse, NY 13202.

This warrant authorizes the forensic examination of the **SUBJECT DEVICE** for the purpose of identifying the electronically stored information described in **Attachment B**.

## ATTACHMENT B
## ITEMS TO BE SEIZED FROM THE SUBJECT DEVICE

All records on the **SUBJECT DEVICE** described in **Attachment A** that relate to violations of Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to distribute controlled substances and conspiracy to commit same), which involve **Tyler HULL or Brittany TAYLOR:**

a. Lists of customers and related identifyaling information;

b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

c. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

d. Any information recording **Tyler HULL** or **Brittany TAYLOR's** schedule or travel from October 2020 to the present;

e. All bank records, checks, credit card bills, account information, and other financial records;

f. Evidence of user attribution showing who used or owned the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

g. In addition, permitting the search of the memory of such devices for:

   i. All telephone numbers and direct connect numbers or identities assigned to the device, including the Electronic Serial Number (ESN) and the International

        Mobile Subscriber Identity number (IMSI) relating to the cellular telephone;

ii. Call and direct connect history information, including dates, times, and duration of telephone calls, as well as the contact information related to those calls;

iii. Telephone book or list of contacts;

iv. And photographs, video footage, text messages, and emails evidencing controlled substance distribution;

v. Text messages relating to drug transactions, payment for such transactions, or arrangements to meet for such transactions;

vi. Email messages relating to drug transactions, payment for such transactions, or arrangements to meet for such transactions;

vii. Photographs and/or videos depicting co-conspirators, assets, and/or controlled substances.

viii. The presence of social media applications accessible on the cellular telephone.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# EXHIBIT 1

| Today's Date | DHS/ICE Computer Forensics | CFA Use Only / Date Received in CF Lab / CFA Initials |
|---|---|---|

I, TYLER HULL, have been asked to give my consent to the search of my computer/electronic equipment. I have also been informed of my right to refuse to consent to such a search.

I hereby authorize HSI PERSONEL to conduct at any time a complete search of all computer/electronic equipment located at FULTON PD        FULTON, NY. These officers/agents are authorized by me to take from the above location, any computer(s), including internal hard drive(s), floppy diskettes, CD's, DVD's, any other electronic storage devices, including but not limited to, personal digital assistants, cellular telephones, pagers.

I hereby consent to the search of the aforementioned items for any data or material which is contraband or evidence of a crime. I understand that this contraband or evidence may be used against me in a court of law.

This written permission is given by me voluntarily. I have not been threatened, placed under duress or promised anything in exchange for my consent. I have read this form, it has been read to me and I understand it. I understand the ENGLISH language and have been able to communicate with the agents/officers.

I understand that I may withdraw my consent at any time for any reason. I may also ask for a receipt for all items taken.

Signed: [signature]         Witness [signature] 1/13/21
Date: 1-13-21                              1/13/21

DHS ICE Computer Forensics                                    CFA 103